Sally Motodani
13534 Mercer Street
Pacoima, CA 91331
Tel: (818) 448-9667
Plaintiff Sally Motodani "In Pro Per"

FILED
2022 APR 22 PM 3: 39
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sally Motodani ) | CASE No. 2.22-CV-00664 —MRW FWS |
| Plaintiff, ) | Judge: The Honorable George H. Wu United States District Judge |
| v. ) | PLAINTIFF SALLY MOTODANI **FIRST AMENDEND COMPLAINT** FOR CAUSES OF ACTION AGAINST AGAISNT MONEYGRAM Payment Systems, Inc. |
| MONEYGRAM Payment Systems, Inc. ) a Corporation, also doing Business as, ) TA MONEYGRAM CORPORATION, ) in the State of California ) | Action filed date: January 31, 2022 |
| ) | Court date: January 28, 2022 Time: 8:30 a.m. |
| Defendant. ) | Dept: 9D, 9th Floor Trail date: not yet set |

**PLAINTIFF SALLY MOTODANI FIRST AMENDED COMPLAINT**

Sally Motodani referred herein as "Plaintiff" complains against MoneyGram a Corporation, further also doing business as, TA MONEYGRAM CORPORATION, in the State of California, referred herein as "Defendant(s)" on the above Referenced matter, hereby Plaintiff alleges to the following:

### PARTIES

1. Plaintiff Sally Motodani is a California resident and resides in the County of Los Angeles in the State of California, at the preset time Mrs. Motodani is 96 years old, further commenced doing money transfers through and by MONEYGRAM on April of the year 2010 all through March of the

- 1 -
PLAINTIFF SALLY MOTODANI FIRST AMENDED COMPLAINT

year 2013 as fact was defrauded by Defendant along with telemarketers, its agents and subagents, who were aware of this fraudulent activity and did nothing about it, whom were conducting business over the phone and other methods and means as well, further by doing so this act against an elder woman, whom at that time back then was about 84 years old, when Plaintiff started making these money transfers to the **Country of Jamaica,** Also three States within the United States, such as **Florida USA, Arkansas USA**, and **New York USA and Delaware USA.** Furthermore, this has caused Plaintiff **Economical Hardship** and suffering, such as losing her pension savings, thus also due to her financial downfall had to do a **reverse mortgage** on her property located at 13534 Mercer Street Pacoima, in the State of California County of Los Angeles, in which said property, in furtherance in regards to her substantial money owed to the Bank, it would be impossible for Plaintiff to clear this debt from the Bank, due to all this money owed to the Bank, now as is been noted, it's just a matter of time for said property to be taken by the lending institution, whom holds the note of debt on said property, moreover other monies were also losses through MoneyGram that also committed fraud to Plaintiff, **however MoneyGram reimbursed Plaintiff the sum amount of $16,000.00 on their own their recognizance**, but yet monies sent through MoneyGram need to be acknowledged if there is other monies owed to Plaintiff according to receipts or other proofs.

2.   Defendant MoneyGram Corporation, as also noted is doing business as, TA MONEY-GRAM CORPORATION.

3.   The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces the Telemarketing Act, 15 U.S.C. §§ 6101-6108. Pursuant to the Telemarketing Act, the FTC promulgated and enforces the TSR,16 C.F.R. Part 310, which prohibits deceptive and abusive telemarketing acts or practices.

4.   Petitioner Sally Motodani does not know anybody in said countries' mention in the

complaint such as JAMAICA nor in any of the States of the United States mentioned, in which plaintiff was sending money transfers through MONEYGRAM, so is been stated by plaintiff that requestors to plaintiff would call her house number, thus they would give instructions to her how to send funds to a specific person, further would have to be sent through MoneyGram only, therefore said fraudster would tell plaintiff that day they would be depositing in her Bank Account the following day the sum amount of $1,000.000.00 (one million dollars) and since plaintiff had lived prior by herself, she was very vulnerable for this kind of fraudulent activity against her.

5. Josue Munoz her caretaker stated that as he was cleaning the garage on or about June of the year 2021 found a bag in the garage, whereupon found many receipts stating MoneyGram transfers to different individuals, whereas main country was Jamaica, however here in the United States there were also some States in which are/were involved receiving money transfers to different Individuals, here in the United States that also participated in a fraudulent act against plaintiff Sally Motodani that were made through MoneyGram, some of the receipts where no longer visible to be read to be also claimed in the complaint.

### VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to Title 47 U.S.C § Section 605, venue is proper in the Central District of California, because a substantial part of the events or omissions given, rise to the claim occurred in this District and/or because, *inter alia,* Defendants' have businesses established within the State of California (28U.S.C. §§ 1391 (b) and 28 U.S.C. § 84(c)(2)).

### PLAINTIFF'S FACTUAL ALLEGATIONS

7. As noted by the Secretary of State of California, MoneyGram Systems, Inc. (MoneyGram), "Defendant" also doing business as (DBA) TA MONEYGRAM CORPORATION,

whereas is a Corporation organized and existing under the laws of the State of Delaware, further is the place of its Incorporation. The address of its principal executive office is 7401 West Mansfield Ave., Lakewood, Colorado 80235. Further MoneyGram transacts or has transacted business in this district or the (State of California), as well as throughout the United States and the world.

8. Nonetheless also on information and belief MoneyGram operates, and enters into contracts for the provision of money transfer services worldwide, through numerous of subsidiaries and affiliates, moreover as Plaintiff being one of the customers of defendant had gone through the experience of said proceedings of defendant and has been defrauded with their fraudulent acts by their agents and subagents, creating an effect on consumers and affected commerce, as "commerce" as so is defined in section 4 of the FTC act, 15 U.S.C. § 44. That states the owing: (1) Unfair methods of competition in or affecting commerce, unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

(Against Defendant(s) MoneyGram Payment Systems, Inc. a Corporation also doing Business (DBA) as TA MoneyGram Corporation)

9. Plaintiff Sally Motodani hereby incorporates by reference all the allegations of this Amended Complaint, contained herein, paragraphs 1 through 8 above, inclusive as though set forth herein at length.

10. Plaintiff is informed and believes, according to the evidence, that defendant is responsible for this act of occurrence between against plaintiff and based thereon alleges, that defendant is responsible for economical damages and monetary losses alleged herein, if defendant is found responsible under the law for any of the allegations contained in plaintiff's complaint, against

defendant then further, thus because defendant, contributed to his/her/ conduct, in whole or in part, of defendant, and contributed to the happening of the acts alleged herein in plaintiff's complaint on file herein.

## NEGLIGENCE

11. As defined according to law. Failure to behave with the level of care that someone of ordinary prudence would have exercised under the same circumstances. The behavior usually consist of actions, but can also consist of omissions when there is some duty to act (e.g., a duty to help victim of one's previous conduct).

## OVER VIEW OF NEGLIGENCE

12. Preliminary factors to consider in ascertaining whether the Person's conduct lacks reasonable care are the foreseeable likelihood that the person's conduct will result in harm the foreseeable severity of any harm that may ensue, and the burden of precautions to eliminate of reduce the risk of harm. See Restatement (Third of Torts: Liability for Physical Harm § 3 (P.F.D. No. 1, 2005). Negligent conduct may consist of either an act, or an omission to act when there is a duty to do so. Se Restatement (Second) of Torts § 282 (1965)

**SECOND CAUSE OF ACTION**

**ECONOMICAL HARDSHIP**

(Against Defendant(s) MoneyGram Payment Systems, Inc. a Corporation also doing Business (DBA) as TA MoneyGram Corporation)

13. Plaintiff Sally Motodani hereby incorporates by reference all the allegations of this Amended Complaint, contained herein, paragraphs 1 through 12 above, inclusive as though set forth herein at length.

14. Plaintiff suffered economical hardship as a result of defendant, further defendant was

aware of the possible harm, beforehand that had been caused to Plaintiff, moreover was not willing to assume liability caused to Plaintiff.

Generally, a person can't recover for and injury losses the person received when he/she voluntarily exposed himself / herself to a danger that he\she knew about and appreciated, thus this was not the case with plaintiff because plaintiff when she started doing money transfers to other contraries' and some States here in the United States of America, she was an eighty four (84) year old woman, living by herself without any help or guidance by anyone, therefore she became easy victim of fraudsters to conduct their fraudulent acts against plaintiff.

## THIRD CAUSE OF ACTION

## DECLARATORY RELIEF

(Against Defendant(s) MoneyGram Payment Systems, Inc. a Corporation also doing Business (DBA) as TA MoneyGram Corporation)

15. Plaintiff Sally Motodani hereby incorporates by reference all the allegations of this Amended Complaint, contained herein, paragraphs 1 through 14 above, inclusive as though set forth herein at length.

16. A dispute has arisen and an actual controversy now exists between plaintiff and defendant, concerning their respective rights and duties, in that plaintiff contends that she is entitled to indemnity from defendant, by virtue of the theory of implied equitable indemnity, is informed and believes, and based thereon alleges that defendant, opposes and deny the above contentions and contend that plaintiff is not entitled to indemnity or contribution from any defendant herein.

17. A declaration of rights is necessary and appropriate at this time so that plaintiff may ascertain his rights and duties, because no adequate remedy, other than as prayed for, exists by which the rights of the parties may be determined, at the present time plaintiff Sally Motodani, is **nighty six**

**(96) years old,** soon she will be looking for a place to relocate, due to the fact that her **REVERSE MORTGAGE** in her property has reached is peak, and she has to move out, as so stated she has lost practically most everything.

## PLAINTIFF SALLY MOTODANI PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Sally Motodani prays for judgment against Defendant(s) as set forth below.

## ON ALL CAUSES OF ACTION

1. For damages in the sum amount of $47,933.39 **Minus $16,000.00**
2. For all cost of suit, including filing fees and Service of Process fees
3. For restitution to the Plaintiff Sally Motodani in further amount according to and from the Defendant(s) for their ill-gotten gains, and
4. For declaratory relief, and furthermore for prohibitory and mandatory injunctive relief and;
5. For such other and further relief as the Honorable Court may deem just and proper.

Respectfully Submitted,

Dated: 04/22/22

*Sally K. Motodani*
Sally Motodani Plaintiff "In Pro Per"

# UNITED STATES DISTRICT COURT
for the
Central District of California

SALLY MOTODANI

*Plaintiff(s)*

v.

MONEYGRAM Payment Systems, Inc.
a Corporation, also doing business as,
TA MONEYGRAM CORPORATION,
in the State of California

*Defendant(s)*

Civil Action No. **CV22-664-**GW(M)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CT Corporation System
Agent for Service of Process:
Amanda Garcia, Vivian Imperial, Gladys Aguilera, Gabriela Sanchez, Daisy Montenegro, Beatrice Casarez-Barrientez, Carlos Paz, Alberto Damonte, Jessie Gastelum, Peter Cayetano

Address: 818 West Seventh Street, Suite 930 Los Angeles, CA 90017

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Sally Motodani
13534 Mercer Street
Pacoima, CA 91331
Phone: (818) 448-9667

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: 1-31-22

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

1149

Sally Motodani
13534 Mercer Street
Pacoima, CA 91331
Tel: (818) 448-9667
Plaintiff Sally Motodani "In Pro Per"

2022 JAN 31 PM 12: 26

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Sally Motodani                ) CASE NO. CV22-664-GW(MK)
                              )
         Plaintiff,           ) **COMPLAINT FOR DAMAGES**
                              ) **AND INJUNCTION RELIEF FOR:**
                              )
v.                            ) 1. FRAUD
                              ) 2. ELDER ABUSE
MONEYGRAM Payment Systems, Inc. )
a Corporation, also doing Business as, )
TA MONEYGRAM CORPORATION, )
in the State of California    )
                              )
         Defendant.           )
                              )
_____)

**COMES NOW** Sally Motodani referred herein as "Plaintiff" complains against MoneyGram a Corporation, further also doing business as, TA MONEYGRAM CORPORATION, in the State of California, referred herein as "Defendant(s)" on the above Referenced matter, hereby Plaintiff alleges to the following:

### PARTIES

1. Plaintiff Sally Motodani is a California resident and resides in the County of Los Angeles in the State of California, at the preset time Mrs. Motodani is 96 years old, further commenced doing money transfers through and by MONEYGRAM on April of the year 2010 all through March of the year 2013 as fact was defrauded by Defendant along with telemarketers, its agents and subagents, who were aware of this fraudulent activity and did nothing about it, whom were conducting business over the phone and other methods and means as well, further by doing so this act against an elder

- 1 -
COMPLAINT FOR FRAUD, CONVERSION, UNFAIR BUSINESS PRACTICES

## PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my address: is P.O Box 331382 Pacoima, CA 91333

Documents Served: plaintiff Sally Motodani **FIRST AMENDED COMPALINT**

**NAME AND ADDRESS OF ATTORNEY FOR OTHER PARTY OR OTHER PARTY**

I served to the following parties:

Attorney for Defendant MoneyGram
Samantha L. Weinstein
2033 N. Main St. Ste. 365
Walnut Creek, CA 94596-3726

[X] (By U.S. Mail) I deposited such envelope in the mail at Pacoima California with postage thereon fully prepaid. I am readily familiar with the regular and customary business practice of this office in which mail is duly deposited in the United States Mail at Pacoima, California on the date that it is mailed.

[ ] (Facsimile) I served a true and correct copy by e-mail during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: 04/22/2022

Lucy Chavez
_____
Name of person serving the papers

## PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my address: is P.O Box 331382 Pacoima, CA 91333

Documents Served: plaintiff Sally Motodani **FIRST AMENDED COMPALINT**

**NAME AND ADDRESS OF ATTORNEY FOR OTHER PARTY OR OTHER PARTY**

I served to the following parties:

Attorney for Defendant MoneyGram
Samantha L. Weinstein
2033 N. Main St. Ste. 365
Walnut Creek, CA 94596-3726
e-mail slweinstein@ww.law

[ ] (By U.S. Mail) I deposited such envelope in the mail at Pacoima, California with postage thereon fully prepaid. I am readily familiar with the regular and customary business practice of this office in which mail is duly deposited in the United States Mail at _____, California on the date that it is mailed.

[X] I served a true and correct copy by e-mail during regular business hours to the e-mail listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: 04/22/2022

Lucy Chavez
_____
Name of person serving the papers