JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-00664-FWS-MRW | Date: October 24, 2022 |
| Title: Sally Motodani v. MoneyGram Payment Systems, Inc. | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [37]**

Before the court is Defendant MoneyGram Payment Systems, Inc., d/b/a TA MoneyGram Corporation's ("Defendant") Motion to Dismiss Plaintiff Sally Motodani's ("Plaintiff") Second Amended Complaint. (Dkt. 37 ("Motion" or "Mot.").) As of the time this Order was issued, Plaintiff had not filed an opposition to the Motion. (*See generally* Dkt.). The court held oral argument on this matter on October 6, 2022; only Defendant's counsel attended. (Dkt. 39.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Second Amended Complaint.

**I.      Relevant Background**

     A.      Plaintiff's Allegations

In summary, the SAC alleges that money transfers Plaintiff made through Defendant from April 2010 to March 2013 to various individuals in Jamaica, New York, Arkansas, and Florida were fraudulent. (Dkt. 36 ("SAC") ¶ 1.) As with the previous two iterations of the Complaint in this action, the SAC's allegations do not include sufficient further detail on the transfers, and Plaintiff brings several claims exclusively under state law. (*See generally* SAC; Dkt. 21 ("FAC"); Dkt. 1 ("Complaint" or "Compl.").)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-00664-FWS-MRW              Date: October 24, 2022
Title: Sally Motodani v. MoneyGram Payment Systems, Inc.
_____

    B.    <u>Previous Dismissals and Attempts to Amend the Complaint</u>

    Plaintiff first filed the Complaint in this action on January 31, 2022. (Compl.) Defendant first moved to dismiss the Complaint on February 23, 2022, which Plaintiff opposed. (Dkts. 11, 13.) On March 23, 2022, the court issued a tentative ruling in which it found the Complaint (1) did not adequately demonstrate subject matter jurisdiction; (2) appeared to bring claims outside the applicable statutes of limitations periods; and (3) did not adequately plead Plaintiff's fraud claim with particularity under Federal Rule of Civil Procedure 9(b). (Dkt. 15.) After a hearing, the court adopted its tentative order and dismissed the Complaint on April 1, 2022, without prejudice and with leave to amend. (Dkt. 18; *see also* Dkt. 15.)

    Plaintiff filed the FAC on April 22, 2022. (Dkt. 21.) Defendant moved to dismiss the FAC on May 6, 2022. (Dkt. 24.) Plaintiff never opposed Defendant's motion. (*See generally* Dkt.) After taking the matter under submission on July 7, 2022, the court dismissed the FAC on July 8, 2022, without prejudice and with leave to amend. (Dkt. 29.) In ruling on Defendant's motion to dismiss the FAC, the court found Plaintiff had not remedied the three independently dispositive defects identified in its ruling on the original Complaint. (*See* Dkt. 29 at 2-4.)

    Plaintiff filed the SAC on August 17, 2022. (SAC.) Defendant moved to dismiss the SAC on August 26, 2022. (Dkt. 37.) Plaintiff did not file any opposition to Defendant's motion, (*see generally* Dkt.); however, Defendant's counsel submitted a declaration in which she attached an email from another attorney who had received news that Plaintiff had, unfortunately, passed away in September. (*See* Dkt. 38-1, Exh. A.) Nothing has been filed on Plaintiff's behalf since the SAC. (*See generally* Dkt.)

**II.    Discussion**

    A.    <u>The Operative Complaint Still Fails to Plead Federal Jurisdiction</u>

    As the court has found twice before, the SAC does not include a "complete and coherent jurisdictional statement." (*See* Dkts. 15 at 1; 29 at 2-3.) "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-00664-FWS-MRW | Date: October 24, 2022 |
| Title: Sally Motodani v. MoneyGram Payment Systems, Inc. | |

jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).  "Under 28 U.S.C. § 1331, federal courts 'have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'"  *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022). To establish diversity jurisdiction, a plaintiff must demonstrate that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

Plaintiff asserts seven claims in the SAC: "act in bad faith for Monetary Gain"; "Intentional Negligence"; "Voluntary Act to Cause Economical Damage"; "Equitable Indemnity"; "Contribution"; "Apportionment of Fault"; and "Declaratory Relief."  (*See generally* SAC.)  None of these claims arise under federal law.  *See Gunn v. Minton*, 568 U.S. 251, 257 (2013) ("[A] case arises under federal law when federal law creates the cause of action asserted" or if it is part of a "'special and small category' of cases" in which "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress").

As to diversity jurisdiction, the SAC does not adequately allege the requisite amount in controversy.  Though the court previously dismissed both the Complaint and FAC for failing to assert the requisite amount in controversy requirement, (*see* Dkts. 15 at 1; 29 at 2-3), it appears Plaintiff has amended the SAC to remove any factual allegations relating to the losses she sustained entirely, (*see generally* SAC).  What was once an alleged loss of "$47,933.39 Minus $16,000," (*see* Dkts. 15 at 1; 29 at 2-3), is now an undefined loss reduced by an alleged $16,000 reimbursement Plaintiff received from Defendant, and the SAC adds no new allegations sufficiently demonstrating the amount in controversy is now met, (*see* SAC ¶ 1; *see generally id.*)  While an amended complaint generally supersedes its previous iteration, *CDK Glob. LLC v. Brnovich*, 16 F.4th 1266, 1274 (9th Cir. 2021), the SAC does not even allege "conclusory allegations as to the amount in controversy," which themselves "are insufficient," *Crook v. Wyndham Destinations, Inc.*, 830 F. App'x 963, 964 (9th Cir. 2020) (cleaned up).  The court therefore finds Plaintiff has not met her burden to establish the required amount in controversy.

___

| | |
|---|---|
| **CIVIL MINUTES – GENERAL** | 3 |

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-00664-FWS-MRW | Date: October 24, 2022 |
| Title: Sally Motodani v. MoneyGram Payment Systems, Inc. | |

*See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).  Accordingly, the court still lacks subject matter jurisdiction over this matter.

      B.     <u>Amendment Would Be Futile</u>

"Courts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citations omitted); *see also* Fed. R. Civ. P. 15(a).  "Although, under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be 'freely' given, that liberality does not apply when amendment would be futile." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016) (citation omitted).

"In assessing whether leave to amend is proper, courts consider the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814-15 (9th Cir. 2020) (citation and internal quotation marks omitted).  Generally, "in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations omitted).  "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citations omitted).

The court finds leave to amend would be futile.  The court has given Plaintiff two opportunities to amend the Complaint in this action and delineated the ways in which the then-operative Complaint was subject to dismissal.  As discussed above, none of Plaintiff's Complaints in this action has adequately pleaded federal jurisdiction, or differed materially

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-00664-FWS-MRW | Date: October 24, 2022 |
| Title: Sally Motodani v. MoneyGram Payment Systems, Inc. | |

among themselves.  And the other dispostive defects previously identified by the court are also still present.

    First, "'Plaintiff [still] appears to be barred from raising either of her present claims because of statute of limitations, and Plaintiff has failed to adequately establish that a tolling provision applies.'"  (Dkt. 29 at 3 (quoting Dkt. 15 at 1 (citing Cal. Code Civ. Pro. § 338(d) (claims for fraud must be brought within three years of discovery of facts constituting fraud); Cal. Bus. & Prof. Code § 17208 (claims brought under § 17200 and § 17500 must be commenced within four years); Cal. Welfare & Institutions Code § 15657.7 (claims for Elder Abuse must be brought within four years of discovery); 15 U.S.C. § 6104 (private causes of action for telemarketing violation must be brought within three years of discovery of violation))).)  Because "Plaintiff 'filed this action on January 31, 2022, which is almost nine years after she made her final money transfer through Defendant MoneyGram on March 13, 2013,'" (Dkt. 29 at 3 (quoting Dkt. 15 at 2)), Plaintiff's causes of action appear to be barred.

    Second, "'Plaintiff [still] fail[s] to adequately plead her fraud claim with particularity under the Rule 9(b) standard,' which 'requires a party to set forth facts demonstrating "the who, what, when, where, and how" of the fraudulent misconduct.'"  (Dkt. 29 at 3 (quoting Dkt. 15 at 2 (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009))).)  The SAC "'includes [the same] list of money transfers'" but still "'does not include any detail or context surrounding these transfers, let alone how they were allegedly fraudulent.'"  (Dkt. 29 at 3 (quoting Dkt. 15 at 2).)

    Finally, Plaintiff has not opposed the past two motions to dismiss brought by Defendant, which itself would have been grounds for the court to grant the motions.  (*See generally* Dkt.)  *See* L. R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to [Federal Rule of Civil Procedure 56] may not be granted solely based on the failure to file an opposition.").

    Under these circumstances, the court finds denying leave to amend is warranted.  Plaintiff has had two previous opportunities to amend the Complaint in this action, but its amended

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-00664-FWS-MRW                              Date: October 24, 2022
Title: Sally Motodani v. MoneyGram Payment Systems, Inc.

iterations have not remedied the repeated deficiencies in the then-operative versions described by the court's previous two orders. Thus, the court finds granting leave to amend would be futile. *See Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, 817 F. App'x 380, 385 (9th Cir. 2020) (affirming denial of leave to amend as futile where plaintiff's "amended complaint failed to cure the deficiencies explicitly identified by the district court in its prior order"). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (citation omitted). Accordingly, the court **DENIES** leave to amend the SAC.

      C.     <u>The Court's Dismissal Is Without Prejudice</u>

Defendant seeks a dismissal with prejudice based on the defects delineated above. (*See* Dkt. 37.) "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert [their] claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (citations omitted). Under the circumstances, the court views it more prudent to leave the determinations of the merits of Plaintiff's case to a court of competent jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)).

**III.**    **Disposition**

For the reasons set forth above, the court **GRANTS** the Motion and **DISMISSES WITHOUT PREJUDICE** the FAC. The Clerk is directed to close the case file.

The Clerk shall serve this minute order on the parties.

                                            Initials of Deputy Clerk: mku